## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOSEPH LONGO, | |
| Appellant, | No. 20 C 7041 |
| v. | Judge Thomas M. Durkin |
| ROSEBUD FARM, INC., | |
| Appellee. | |

### MEMORANDUM OPINION AND ORDER

Joseph Longo, pro se, appeals a Bankruptcy Court order sustaining the Trustee's objection to Longo's bankruptcy claim. The Bankruptcy Court's order is affirmed in part and remanded in part for further consideration in accordance with this order.

### Legal Standard

"Federal district courts exercise appellate jurisdiction over 'final judgments, orders, and decrees' entered by bankruptcy judges." *Lardas v. Grcic*, 847 F.3d 561, 567 n.2 (7th Cir. 2017)." District courts review the bankruptcy court's legal conclusions de novo and factual findings for clear error." *In re Colone*, 2020 WL 1233775, at *2 (N.D. Ill. Mar. 12, 2020) (citing *In re Chicago Mgmt. Consulting Grp., Inc.*, 929 F.3d 803, 809 (7th Cir. 2019)). A bankruptcy court's discovery decisions "are reviewed for an abuse of discretion." *USA Gymnastics v. Liberty Ins. Underwriters, Inc.*, 27 F.4th 499 (7th Cir. 2022).

**Background**

Longo is an attorney whose client, Robert Smith, was awarded a $559,656.57 judgment against his former employer, Rosebud Farm, based on a complaint in federal district court. Smith's judgment was recorded with Cook County on September 18, 2017.

Pursuant to the federal Civil Rights Act, Smith sought $1,392,410 in attorney's plus $3,868.71 in costs. On August 23, 2018, the district court granted that petition in part and awarded Smith $615,257.21. The judgment for attorney's fees and costs was not recorded. Rosebud filed a petition in the Bankruptcy Court on August 31, 2018. Smith assigned any attorney fee award to Longo. *See* R. 14-1 at 134.

Longo filed a secured claim in the Bankruptcy Court against Rosebud's estate for $1,780,258.71 in attorney's fees and costs. The Trustee filed an objection to the claim, arguing that Longo had no right to that amount of fees and that the 2018 judgment of attorney's fees and costs was never recorded, so was an unsecured claim. The Trustee conceded, however, that Longo properly had an unsecured claim for $615,257.21, based on the district court's 2018 order awarding that amount.

Longo responded to the objection with three primary arguments, which he reasserts here on appeal. First, he points out that the 2017 judgement award to Smith, which was later recorded, also stated that the plaintiff "shall recover costs." R. 4-2 at 122. Longo argues that "costs" includes attorney's fees, and because Smith judgment was recorded and is a secured claim, Longo's claim for attorney's fees is also secured. Second, Longo argues that he has a secured claim under the Illinois

2

Attorney Lien statute. Alternatively, Longo argues that he has a secured equitable lien.

## Analysis

I. **"Costs"**

The bankruptcy court rejected Longo's argument that the term "costs" includes attorney's fees such that Longo's claim for fees is secured via the recorded 2017 judgment. The bankruptcy court found that under Illinois law the "term 'costs' does not include 'fees' as a matter of regular usage and as those terms are normally used in the legal context." R. 12-1 at 53 (citing *Negro Nest, LLC v. Mid-Northern Mgmt., Inc.*, 839 N.E.2d 1083, 1989-92 (Ill. Ct. App. 2005)).

The Court questions whether this is a correct interpretation of the 2017 judgment, because the federal statute allowing costs also provides for "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. The Bankruptcy Court did not consider this definition in its decision.

The bankruptcy court also found that the 2017 judgment could not serve to secure Longo's claim because only Smith's name was on the judgment. But the bankruptcy court also found that Smith had assigned all attorney's fees to Longo. So if the reference to "costs" in Smith's judgment covers attorney's fees, the secured nature of that judgment might also extend to Longo via the assignment. The Bankruptcy Court did not address this possibility.

But it is unnecessary for the Court to reach these two issues because the 2017 judgment does not specify an amount of attorney's fees. Indeed, the judgment's order

3

that Smith "shall recover costs" clearly implies future action to recover those "costs." That action did not occur until Smith filed a petition for attorney's fees, which the district court decided almost a year later. It was only at that time that the amount of attorney's fees and costs was determined and a judgment for that amount could be executed. Under Illinois law, a lien can only be created for a specific amount. *See* 735 ILCS 5/12-101;[1] *see also Curry v. Corbly*, 2021 WL 81451 (Ill. App. Ct. 3d Dist. Jan. 8, 2021) ("A valid judgment, in order to create a lien, must possess two qualifications: (1) it must be final, valid, and for a definite amount of money; and (2) it must be such a judgment that execution may issue thereon."). In other words, no lien for attorney's fees in Longo's favor could exist until the amount of attorney's fees was determined and memorialized. And even once the amount is memorialized in a judgment, the lien is not perfected until it is "filed in the office of the recorder in the county." 735 ILCS 5/12-101. That simply did not occur here with regard to the judgment of attorney's fees. Thus, the Bankruptcy Court's finding that the 2017 judgment did not create a secured lien in Longo's favor is affirmed.

---

[1] "[A] judgment is a lien on the real estate of the person against whom it is entered in any county in this State, including the county in which it is entered, only from the time a transcript, certified copy or memorandum of the judgment is filed in the office of the recorder in the county in which the real estate is located. . . . The term 'memorandum' as used in this Section means a memorandum or copy of the judgment signed by a judge or a copy attested by the clerk of the court entering it and showing the court in which entered, date, *amount*, number of the case in which it was entered, name of the party in whose favor and name and last known address of the party against whom entered." (emphasis added)

4

## II. Illinois Attorneys Lien Act

The Illinois Attorneys Lien Act provides attorneys with a process to establish a lien on funds their client's opponent might be obligated to pay the client, in order to satisfy any fees the client owes the attorney. "To enforce such lien, such attorneys shall serve notice in writing, which service may be made by registered or certified mail, upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien and stating therein the interest they have in such suits, claims, demands or causes of action." 770 ILCS 5/1. "Illinois courts have found that an attorney who fails to serve a party via registered or certified mail has no lien under the statute." *In re Chicago H & S Hotel Prop., LLC*, 419 B.R. 797, 801 (N.D. Ill. 2009).

The bankruptcy court found that:

> Longo has failed to submit the necessary proof to show the existence of a lien in his favor under the Attorneys Lien Act. In particular, Longo has presented no evidence to show that he met his burden to serve the notice required by the statute upon the Debtor via one of the statutorily-mandated methods or that the Debtor actually received such notice.

R. 12-1 at 54 (p. 53/106). But Longo did submit evidence and the bankruptcy court failed to specifically address it. Longo filed an affidavit stating that: (1) his attorney-client agreement with Smith was for 45% of any recovery; and (2) he "served Rosebud by certified mail with the notice of attorney's lien and other documents." *See* Bankruptcy Docket Claims Register, R. 4-2 at 4. Longo also attached an unsigned and undated "Notice of Attorney's Lien" document and certificate of service. *See*

5

Bankruptcy Docket, R. 132 at 32-33. The Bankruptcy Court's should have specifically addressed this evidence in its decision, but did not.

Additionally, at a hearing on May 4, 2020, prior to ruling on the Trustee's objection, the Bankruptcy Court implied that it would give Longo a further opportunity to submit evidence if necessary. In response to Longo suggesting that further discovery might be necessary, the Bankruptcy Court indicated that it would inform the parties if its decision turned on an evidentiary finding:

> As I've read everything that has been filed, it seems to me that while there may, depending on my rulings, which I'm not going to announce until we get there, there might be at some point some need for additional evidence if I rule one way or another, I have enough now that I can rule on the legal issues before me and hold over any additional need for evidence if and when needed. So I don't need to do evidence at this point. And so I just to make sure [sic] that the parties are clear I've got enough now for me to rule on the legal issues at least in part, if not in whole. So, I'm not looking for additional evidence today.
>
> . . . .
>
> I am not going to rule on evidentiary issues today. And so, again, what I may or may not need will be reflected in what I rule, keeping in mind, of course, that the parties' burdens are what they are. And so I have what I have, and I will deal with what I have.
>
> . . . .
>
> What will happen next if I need a new hearing, it will be announced in the written opinion.

R. 11-1 at 4:20–5:7; 7:14-19; 8:12-13. In the course of this statement by the Bankruptcy Court, Longo specifically asked whether he should file a copy of the certified mail receipt for his "Notice Attorney Lien." *See* R. 11-1 at 7. The Bankruptcy Court's statement about "not ruling on evidentiary issues" was made in part in

6

response to this request by Longo. It does not appear that Longo ever filed the certified mail receipt on the Bankruptcy Court docket. But Longo has filed it on the docket for this appeal. *See* R. 12-1 at 34. The Bankruptcy Court's decision reviews the procedural history of the bankruptcy proceedings, including a request for additional discovery Longo made on January 29, 2020, but omits mention or analysis of this hearing on May 4, 2020. *See* 12-1 at 49-50.

Whether this documentation is sufficient to satisfy the Attorneys Lien Act is not for this Court to decide. But it is evidence that is relevant to that issue, and the Bankruptcy Court's decision should have directly addressed it. The Court also agrees with Longo that the Bankruptcy Court appears to have assured him that the Bankruptcy Court would alert Longo if additional evidence was needed, particularly the certified mail receipt that Longo has produced on appeal. Normally, new evidence produced on appeal should not be considered. But because the Bankruptcy Court appears to have promised that it would consider such evidence in the first instance, the failure to do so was an abuse of discretion, and such consideration should happen on remand.

The case is remanded for consideration of the evidence discussed in this order. The Bankruptcy Court should also consider whatever other evidence it deems appropriate to consider on the issue of whether Longo perfected a lien pursuant to the Attorneys Lien Act and the priority of that lien for purposes of administering Rosebud's estate.

**III. Equitable Lien**

"In considering claims to equitable liens based on contingent fee agreements, the Illinois courts have drawn a distinction between an actual assignment of a portion of a fund and a mere personal promise by the client to pay attorney's fees in an amount equal to a specified portion of the fund to be recovered or out of the proceeds of such a fund." *In re Brass Kettle Rest., Inc.*, 790 F.2d 574, 576 (7th Cir. 1986) (quoting *McKee-Berger-Mansueto, Inc. v. Board of Ed.*, 691 F.2d 828, 836 (7th Cir.1982)). However, "the cases involving contingent fee contracts are not uniform and they have all turned on the precise language employed in the fee agreement." *Brass Kettle*, 790 F.2d at 576.[2]

The Bankruptcy Court found that it could not "apply the above case law to determine whether an equitable lien exists in favor of Longo in this matter," because Longo did not produce "the specific terms of the agreement or agreements governing the attorney-client relationship between Longo and Smith." R. 12-1 at 9. The Bankruptcy Court found that "the only agreement between Longo and Smith that is

---

[2] The Court notes that other Illinois courts have rejected the argument that a contingency agreement entered into prior to a judgment can create an equitable lien on the judgment funds. *See, e.g.*, *Marcus v. Wilson*, 306 N.E.2d 554, 561 (Ill. App. Ct. 1st Dist. 1973) ("[T]he courts have uniformly held that a clear distinction exists between an actual assignment of a part of a debt, claim, or fund and a mere promise or agreement to pay a part of such debt, claim, or fund *when collected or recovered*. The arrangement here was *merely contingent upon a recovery* and hence constituted a mere promise.") (emphases added). Because the Seventh Circuit appears to have rejected this line of cases in *Brass Kettle* and *McKee-Berger-Mansueto*, the Court will not apply it here.

8

before the court is the Assignment [of attorneys fees]," and the "language of the Assignment makes no reference to a specific [fund]." *Id.*

But Longo also filed an affidavit stating that his agreement with Smith provided for "45% of [Smith's] recovery," and that "a lien exists on all sums recovered by [Smith] for all services rendered and costs incurred by [Longo]." *See* Bankruptcy Docket, R. 132 at 37. The Bankruptcy Court should have considered whether this document was sufficient to satisfy Longo's burden.

On a motion to reconsider, Longo filed an additional affidavit that directly quoted the provisions of his agreement with Smith. *See* Bankruptcy Docket, R. 150 at 16. The Bankruptcy Court considered this document when it orally denied Longo's motion to reconsider. *See* R. 5 at 7. But the Bankruptcy Court did not apply the relevant distinction set forth by the Seventh Circuit in the cases discussed above between "a promise to pay" and "an actual assignment." Instead, the Bankruptcy Court found that Longo's attorney-client agreement with Smith "might establish a secured claim against Smith, but it does nothing to establish anything vis-à-vis a secured claim against [Rosebud]." R. 5 at 7. The Bankruptcy Court stated further that "the bankruptcy court is not the appropriate venue to consider the claim between Smith and Longo," rather the relevant issue "is the claims that Longo has asserted against [Rosebud]." *Id.*

It is unclear whether the Bankruptcy Court continues to reject Longo's argument for an equitable lien, or whether the Bankruptcy Court conceded on reconsideration that the Longo's agreement with Smith created a lien, but that lien

9

is unsecured. If it is the former, that finding is remanded for consideration of the affidavits setting forth the terms of Longo's agreement with Smith. If it is the latter, the finding is remanded for identification and application of the standard for when an equitable lien is secured. Perhaps an equitable lien for attorney's fees can only be secured against a third party by recording it with the county just like Longo failed to do with the 2018 judgment for attorney's fees. But the Bankruptcy Court did not engage in this analysis. To the extent the Bankruptcy Court on remand again finds that Longo has not satisfied the Illinois Attorneys Lien Act, the Bankruptcy Court will need to consider whether the evidence discussed here establishes a secured equitable lien.

## Conclusion

Therefore, the Bankruptcy Court's decision is affirmed in part and remanded in part for further consideration in accordance with this order, which makes no findings on the merits of Longo's claim. Longo's motion for a stay pending appeal [16] is denied as moot.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: March 22, 2022